9506

JEFCOAT v. JEFCOAT.

(89 S. E. 1070.)

APPEAL AND ERROR—FINDINGS OF FACT—PROOF OF MARRIAGE.—On appeal in an equity cause burden is on appellant to show error in findings of fact.

Before SEASE, J., Lexington, February, 1916. Affirmed.

Action by Marcella Jefcoat against Pope Jefcoat and others. From a judgment for defendants, plaintiff appeals.

The facts are stated in the Circuit decree, as follows:

This is an action brought by Marcella Jefcoat, plaintiff, against the defendants named herein to partition the real estate described in the complaint, which formerly belonged

to U. W. Jefcoat, of the county of Lexington, who died intestate on the 6th day of January, 1914. Caroline Jefcoat, the wife of the said U. W. Jefcoat, survived her husband and died on the 28th of November, 1914. All the defendants, with the exception of J. L. Jefcoat, Sr., together with the plaintiff herein, were children of the said U. W. Jefcoat and Caroline Jefcoat, his wife.

Caroline Jefcoat before her death had conveyed all her right, title and interest in the estate of her husband, U. W. Jefcoat, to Thomas Jefcoat, her son. This left two-thirds of the estate of U. W. Jefcoat to be divided among his heirs and distributees.

The plaintiff, Marcella Jefcoat, claims that she is entitled to one undivided two-thirds interest in said estate and that the other defendants, children of U. W. Jefcoat and his wife, Caroline, were not entitled to share in the division of the said estate. The answer of the other children denied that she was entitled to the whole of two-thirds interest, but that they as children of the same mother and father were entitled to their distributive share.

This raises the issue as to whether the other defendants, children of U. W. Jefcoat and Caroline Jefcoat, were the legitimate children of their father and mother. The plaintiff, Marcella Jefcoat, claiming that she is the only legitimate child of her father and mother, because she contends that her father and mother were not married until 1886, and that she was the only child born after the marriage and that consequently the other children, her brothers and sisters, were illegitimate and not entitled to share in the distribution of the estate. The question then clearly arises whether U. W. Jefcoat and his wife, Caroline, contracted a legal marriage at the time they began to live together as man and wife.

The issue was referred to Cyrus L. Shealy, Esq., to take and report the testimony to this Court. Upon the report of the referee the case was heard before me.

These two people lived together as man and wife for forty-six years and during that time ten children were born to them and they were raised and cared for by their father and mother until they were grown. They lived together as man and wife, being members of the same church, constantly going to service and the children to Sunday school. They were visited by the respectable people of their neighborhood and often entertained the preacher when he came to their church and were considered in the neighborhood in which they lived as decent people. During all this time the husband introduced Caroline as his wife, in which introduction she always acquiesced, and nothing seemed to be said in the community in which they lived about their not being married until about 1886, when a marriage ceremony seems to have taken place. By hard work these two old people accumulated some property and after their death the plaintiff herein, Marcella Jefcoat, the youngest of their children, seeks to bastardize her own brothers and sisters in order that she alone should be the sole beneficiary of the thrifts and economy of her parents who produced this estate.

Courts will look with suspicion upon the testimony offered by the plaintiff, because a person, who will seek for the sake of a little money to destroy the good name of father and mother, who had nurtured and cared for her from childhood to womanhood, and to bastardize her nine brothers and sisters with whom she was raised and no doubt cared for, and with whom she associated daily in the same household on terms of equality as brothers and sisters, should be held to the very strongest proof. Courts will seize upon any circumstance and any testimony to keep her from doing what she seeks to do in this action.

It is true there are witnesses who testified for plaintiff that they considered that they were never married, but they

evidently meant that they had never heard of a ceremony of marriage having been performed; that is what a large number of people mean when marriage is mentioned (ceremony). It is true, also, that they were remarried in 1886, but the old man explains why a ceremony was performed when by the testimony of V. D. Crim, and I prefer to take his testimony in preference to all others, because it is disinterested. He testifies as follows:

"Did you ever hear of any rumors, or any reports that Caroline was not his wife? A. They got that up after he began to go in politics. Q. Then you heard something? A. Yes, sir, I heard that he went to Trial Justice Martin and had his marriage published to the world over. Q. Did you ever have any conversation—did you hear that he went there? A. I asked why did you go to Martin's for the marriage? A. He said to convince the fools that never knew I was married before."

The presumption that the law raises in favor of marriage when two people begin to live together as man and wife ought not to be disturbed or rebutted except by the strongest proof. I do not think the proof in this case is of such a nature as to rebut this presumption. I am of the opinion that when U. W. Jefcoat and Caroline began to live together as man and wife they contracted a valid marriage. That being the case, the ceremony alleged to have been performed in 1886 could not affect that status in anyway. I know of no law that would allow a regular ceremony to destroy a common law marriage. All the children are declared to be legitimate children and are equally entitled to their share in the distribution of the estate.

I find that all of the parties plaintiff and defendants to this action, except the defendant, J. L. Jefcoat, Sr., are entitled to the remaining two-thirds of the estate lands of U. W. Jefcoat, and that each of them is entitled to one-tenth of the two-thirds thereof.

*Messrs. Thurmond, Timmerman & Callison,* for appellants.

*Messrs. Melton & Sturkie* and *A. D. Martin,* for respondents, cite: *As to proof of marriage:* 5 S. C. 413; 69 S. C. 403; 53 Miss. 37; 67 Mich. 619; 21 R. I. 401; 79 Am. St. Rep. 809; Rich. Eq. Cas. 92 and 100; 19 Am. St. Rep. 406; 46 N. J. Eq. 411; 2 Am. St. Rep. 115; 121 Ill. 388; 97 Va. 606; 34 S. E. 479; 82 Cal. 427; 7 L. R. A. 801.

September 12, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to partition the land described in the complaint, which formerly belonged to U. W. Jefcoat, who died intestate on the 6th day of January, 1914. He and his wife, Caroline Jefcoat, who died on the 28th day of November, 1914, were formally married in 1886. Prior to her death she conveyed all her right, title, and interest in the said land to her son, Thomas Jefcoat. The plaintiff was the only child born after their formal marriage in 1886. Several other children were born unto them prior to 1886.

His Honor, the Circuit Judge, states that the only question in the case is whether U. W. Jefcoat and his wife, Caroline Jefcoat, contracted a legal marriage at the time they began to live together as man and wife; and he found, as a fact, that they then entered into a valid contract of marriage. The plaintiff appealed from said finding. She has failed to satisfy this Court that such finding was erroneous, and the judgment of the Circuit Court is, therefore, affirmed.